80 N.J. Super. 296 (1963)
193 A.2d 419
CAROL M. KRAYNICK, AN INFANT BY HER GUARDIAN AD LITEM, MARGARET E. KRAYNICK AND MARGARET E. KRAYNICK, INDIVIDUALLY, PLAINTIFFS,
v.
NATIONWIDE INSURANCE COMPANY, A CORPORATION OF THE STATE OF OHIO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided August 5, 1963.
*297 Messrs. Pellettieri & Rabstein (Mr. George L. Pellettieri, appearing), attorneys for plaintiffs.
Messrs. Jamieson, Walsh & McCardle (Mr. Thomas C. Jamieson, Jr., appearing), attorneys for defendant.
BENNETT, J.C.C. (temporarily assigned).
Plaintiff Carol M. Kraynick, an infant, recovered a judgment in the Superior Court, Law Division, for $62,000 against Richard W. Rodgers, *298 a resident of Pennsylvania, for personal injuries caused by his negligent operation of his automobile in Trenton, N.J. The judgment was entered December 9, 1959. Defendant herein, Nationwide Insurance Company (Nationwide), had issued to Rodgers in Pennsylvania an automobile liability insurance policy with limits of $10,000 and $20,000. An action was brought to recover the policy limits on the unsatisfied judgment. Nationwide denied liability on the ground that Rodgers had failed to cooperate, as required by the terms of the policy. The court submitted this issue to the jury which found for the plaintiff. An appeal was taken to the Appellate Division of the Superior Court which reversed and remanded for a new trial limited to the factual issue of the adequacy of Nationwide's investigation as to the whereabouts of the defendant Rodgers. Upon retrial the jury again rendered a verdict in favor of plaintiff Kraynick, who is now moving for the entry of judgment upon said special verdict. The sole issue before this court is whether plaintiff is entitled to interest upon the entire judgment originally entered in favor of Kraynick on December 9, 1959 in the sum of $62,000.
The provisions dealing with interest, contained in paragraph V (2) (d) of the policy issued to Richard Rodgers and upon which this suit has been brought, provide that the company shall:
"(d) pay all interest on the entire judgment accruing after entry of judgment until the Company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the Company's liability thereon; * * *."
In asserting her right to interest on the entire judgment the plaintiff relies on a review of this subject found in Ramsey, "Interest on Judgments Under Liability Insurance Policies," Insurance Law Journal, No. 414, pp. 407, 411 (July 1957), where it was stated that:
"The new family combination automobile policy, issued by The National Bureau of Casualty Underwriters, now provides with *299 reference to this question that the insurance company is required to pay:
`* * * all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon.'
The National Bureau of Casualty Underwriters has also issued a directory to its member companies reading:
`Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon.
`All Automobile and General Liability policies will be changed accordingly upon revision. In the meantime they should be interpreted in keeping with the above intent.'"
Powell v. T.A. & C. Taxi, Inc., 104 N.H. 428, 188 A.2d 654 (1963), is cited by plaintiff. In that case the Court held that under the automobile liability policy limiting liability for injury to one person to $10,000 and obligating the insurer to pay all expenses incurred by the insurer, all costs taxed against the insured, and all interest accruing after entry of judgment until the insurer paid or deposited in court such part of judgment as did not exceed limits of its liability, the insurer was obligated to pay interest on the entire amount of a $20,000 judgment and not interest just on that part of the judgment which represented the policy limit of $10,000. The court said:
"* * * it has been established law for a long period of time that the insurer may be obligated to pay costs or interest on judgment recovered against the insured although these items may bring the total payment beyond the limits set in the policy. Brown v. Great American Indemnity Co., 298 Mass. 101, 9 N.E.2d 547, iii A.L.R. 1065; Maryland Casualty Co. v. Wilkerson, 210 F.2d 245 (4th Cir. 1954). * * * [I]t may be noted that delay which causes interest to run, and the cost thereof should rest on the shoulders of the insurer who has complete control of the litigation and settlement. *300 This responsibility should not be cast on the insured who cannot settle the litigation without releasing the insurer from his obligation. River Valley Cartage, Inc. v. Hawkeye-Security Ins. Co., supra, 17 Ill.2d 242, 161 N.E.2d 101, 76 A.L.R.2d 978, Underwood v. Buzby, 236 F.2d 937 (3rd Cir. 1956)." (at pp. 655 and 656)
That court added:
"To the extent that there is any modern trend, it is in favor of the rule that the insurer's liability for interest extends to interest on the entire amount of the judgment. Plasky v. Gulf Ins. Co. (1960), 160 Tex. 612, 335 S.W.2d 581, River Valley Cartage, Inc. v. Hawkeye-Security Ins. Co., 17 Ill.2d 242, 61 N.E.2d 101, 76 A.L.R.2d 978; Highway Casualty Co. v. Johnston (1958 Fla.), 104 So.2d 734; 2 Richards, Insurance (5th ed.), s. 283 (1962 supp.)." (at p. 656)
Plaintiff also contends that she is entitled to the interest in question as a matter of right. In support of this position she relies on the case of Deerhurst Estates v. Meadow Homes, Inc., 64 N.J. Super. 134 (App. Div. 1960), certification denied 34 N.J. 66 (1961), in which the court stated:
"We must distinguish, at the outset, conventional or contractual interest from interest allowable as damages. The former is the compensation fixed by the parties for the use, detention, or forbearance of money or its equivalent. Wilentz v. Hendrickson, 133 N.J. Eq. 447, 468 (Ch. 1943), affirmed 135 N.J. Eq. 244 (E. & A. 1944). Since it is grounded in contract, being `part of the bargain that was struck when the loan was made,' I Glenn on Mortgages (1943), § 90, p. 542, it is recoverable as of right along with the principal. 30 Am. Jur., Interest, § 68, p. 56 (1958)." (at p. 154)
It is claimed by defendant that this court has no jurisdiction to consider the issue of interest. It so contends because a demand was not made at the first trial, or on appeal, that the original judgment be increased to include a sum representing interest. Since the Appellate Division of the Superior Court did not deal with this issue, or remand it for further consideration, defendant argues that it cannot now be considered by this court. Defendant relies on 5B C.J.S. Appeal & Error § 1965, pp. 576, 577, wherein it is stated:
*301 "Where, however, the appellate court by its decision and directions puts an end to the litigation, the lower court is without jurisdiction except to comply with whatever directions are made, and frequently the directions given on remand impose limitations either as to subject matter or relief, or both, so that the trial court has power and discretion only within the limitations imposed."
Defendant further alleges that this issue is barred from consideration for the reason that it is not raised by the pleadings. Nationwide admits, however, that the original complaints against it included a general demand for payment of the entire judgments, plus interest and costs.
In the alternative, defendant argues that the interest demanded by plaintiff is not supported by the law of this State, the phraseology of the policy of insurance, or the equities involved. Defendant cites Deerhurst Estates v. Meadow Homes, Inc., 64 supra, wherein the court said:
"But our courts have held that interest does not run as a matter of right on a liquidated demand; rather, the trial judge is given broad discretion to allow interest in accordance with principles of equity." (64 N.J. Super., at p. 155)
It must be noted, however, that the court in the above language was not dealing with conventional or contractual interest, but interest in the form of damages for the illegal detention of a legitimate claim or indebtedness.
In conclusion, defendant contends that it made a concerted effort to locate its insured prior to the trial of the negligence action; that it acted in good faith; that it had no control over the case because of its disclaimer; that its appeal had merit, and that Nationwide could not pay the policy limits into court after entry of the judgment in the negligence action when the question of its liability to its insured, or to these plaintiffs, had not been determined.
It is the feeling of this court that the obligation to pay interest is a contractual one founded in the original contract of insurance, paragraph V(2) (d) and continuing down to the present time. A demand for interest and costs was *302 made in the original complaint. The fact that it was not part of the remand from the Appellate Division does not terminate its efficacy. Interest was part of the bargain that was struck when the contract of insurance was entered into and it is recoverable as of right. Deerhurst Estates v. Meadow Homes, Inc., supra. Such a determination is in conformity with the opinion expressed in the Insurance Law Journal, supra, and is in accord with the modern judicial trend as indicated in Powell v. T.A. & C. Taxi, Inc., supra.
The good faith of defendant cannot be questioned. However, the years of waiting endured by plaintiff are also a reality and must be recognized. Certainly defendant cannot profit from its original mistake of disclaiming or from its continued litigation of this action. It is, therefore, concluded that plaintiff is entitled to the recovery of interest from the date of the original judgment.
Judgment is entered in accordance with the views expressed herein.