## Skinner v. Capers

*Lee C. McCandless* and *William D. Markle*, for plaintiff.

*William C. Robinson* and *Robert F. Hawk*, for defendant.

KIESTER, J., January 21, 1964.—The record discloses that plaintiff obtained a verdict in this court on May 9, 1963, in the sum of $21,715.18. On December 13, 1963, judgment was entered on the verdict in favor of plaintiff in the sum of $22,489.72. On January 6, 1964, William C. Robinson, Esq., on behalf of Aetna Casualty and Surety Company, insurer for defendant, under a liability policy providing for $10,000 coverage, petitioned the court for a rule on plaintiff and defendant to show cause, if any, why the said insurance money should not be paid into court and the insurer released from further liability under its contract. An amended petition was filed on January 8, 1964. Answers were filed, raising the question of the date from which interest should be computed.

The insurer proposes to pay its coverage of $10,000, plus interest on the entire judgment of $22,489.72 from December 14, 1963, to December 31, 1963. This payment is based on a section of the insurance contract which provides as follows:

"To pay, in addition to the applicable limits of liability:

"(a) all expenses incurred by the Company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the Company's liability thereon".

Plaintiff contends that the Act of Assembly of April 6, 1859, P. L. 381, sec. 1, 12 PS §781, requires that interest be paid from the date of the verdict. It is clear that defendant is obligated to pay interest from the date of the verdict.

The only issue before the court is whether the insurer must pay interest on the amount of the judgment from the date of the verdict or the date of the actual entry of the judgment.

"Generally speaking, an insurer in a liability insurance policy is not, in the absence of a provision in the policy to that effect, liable for any interest on a judgment recovered against the insured": 76 ALR 2d 984.

Ballentine Law Dictionary defines judgment, inter alia, as "The last word in a judicial controversy; the final consideration and determination of a court of competent jurisdiction upon matters submitted to it in an action or proceeding": 30 Am. Jur. 821.

Verdict is defined in Ballentine as "The answer of a jury given to the court concerning the matters of fact committed to their trial and examination: . . . . 53 Am. Jur. 695".

The meaning of the words judgment and verdict are clear. There is no ambiguity in the use of the word judgment in the provision of the insuring contract that is before the court.

As stated in James v. State, 164 So. 2d 497, 501 (La.), "An insurance policy is a contract between the insurer and the insured, and courts are bound to give it legal effect according to the intent of the parties, to be determined by the words of the policy, provided such effect will not lead to absurd consequences. . . ."

The Act of 1859 is explicit and clear that judgment is entered for the amount of the verdict, ". . . and every general judgment entered upon such verdict, whether by a court of original jurisdiction, or by the supreme court, shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding: . . ."

Judgment is not entered for the amount of the verdict plus interest to the date of the entry of judgment. Under the Act of 1859, the date of entry of the verdict

becomes the date of entry of the judgment. The judgment is entered in effect nunc pro tunc as of the date of entry of the verdict. It is the present record of something previously done. The litigants are placed in the position they would have enjoyed if the case had been finally adjudicated at the time of the entry of the verdict. Because of the Act of 1859, delay in final adjudication is less prejudicial to the successful plaintiff.

The amount regulating jurisdiction between appellate courts is the "amount of the judgment, decree or award": Act of May 5, 1899, P. L. 248, sec. 4, as amended, 17 PS §188. Under the Act of 1859, the amount of the verdict is the amount of the judgment for purposes of jurisdiction.

In the case of Sharp v. Keiser, 292 Pa. 142, 148, it was held:

". . . but where, as here, the question of jurisdiction on appeal is involved, no such presumption can be indulged to oust the jurisdiction of the Superior Court, —the verdict as rendered, or, if reduced by remittitur, as diminished, will be treated as the correct amount of the judgment. . . ."

Verdicts are entered on the lien docket where judgments are entered and are liens upon real estate of defendant within the county: Act of March 23, 1877, P. L. 34, sec. 1, 12 PS §861.

The insuring provision in the contract must be interpreted in light of the Act of 1859. Neither the insurer nor the insured intended that the insured would pay the interest from the date of the verdict to the date of formal entry of the judgment. Such would be an absurd result that would create many problems for the insurance company with its insured.

If an insurance carrier was to reword its insuring contract so as to relieve itself of this liability, the company would incur the wrath not only of its insured, but also of the Insurance Department. As a matter of pub-

lic policy, the insurance carrier should assume the liability arising from its conduct of litigation on behalf of the insured. The insurance industry would not welcome the charge that insurers delay final adjudication because of the benefits to be derived from delay.

The layman purchases insurance and expects to receive complete coverage. It is the rare policyholder that reads his policy. Even if he studied the policy, he would not anticipate this problem. Judgment and verdict would not be distinguished by the insured. The date of entry of the judgment would be unimportant to the policyholder. His interest is not in the technical language of the policy. Rather, it is in the practical matters of coverage and premium.

It is our opinion that the insurance provision in question must be construed in conjunction with the Act of 1859 and that the insurer is obligated to pay its coverage, plus interest on the entire amount of the judgment nunc pro tunc from the date of entry of the verdict. This was the intent of the insurer and the insured. It makes good sense. Upon final adjudication in Pennsylvania, the verdict becomes the judgment as of the date of entry of the verdict.

Based on the foregoing opinion, an order is entered as follows:

### ORDER

Now, January 21, 1964, Aetna Casualty and Surety Company is authorized and directed to pay into court the sum of $10,000, plus interest on $21,715.18 from May 9, 1963, to the date of payment into court, plus all record costs. Upon the payment of said sums, Aetna Casualty and Surety Company is released from any and all liability to plaintiff, C. Dale Skinner, and to defendant, Myra A. Capers, administratrix of the estate of Harry P. Capers, deceased, by reason of its contract of insurance, policy no. 3 FA 66890.