Hafer *v.* Schauer (et al., Appellant).

290

Argued January 4, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ. Judgment vacated April 18, 1967. Reargument granted May 25, 1967.

Reargued November 22, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Bernerd A. Buzgon*, with him *Davis & Katz*, for appellant.

*L. E. Meyer*, with him *George Eves*, and *Meyer, Brubaker & Whitman*, and *Eves & Bear*, for appellee.

OPINION BY MR. JUSTICE COHEN, March 15, 1968:

This is an appeal by Erie Insurance Exchange as garnishee from an adverse judgment on the pleadings in proceedings instituted by appellee for execution with attachment. This litigation has its genesis in Wrongful Death and Survival actions brought by appellee against three defendants, none of whom are parties to the present action. On March 26, 1964, the jury returned verdicts of $100,000 in the survival action and $1,418.50 in the wrongful death action against two defendants, one of whom was insured by Erie against liability.

Following the rendition of the verdicts, Erie, in the name of its insured defendant, filed motions for severance and for new trials. The transcript of testimony and charge of the court were filed July 8, 1964 and on August 3, 1964, additional reasons in support of the motions were filed. Thereafter, the motions were withdrawn or abandoned, and on September 10, 1964, Erie forwarded plaintiff a check in the sum of $20,000, which represented the limit of policy coverage. On September 16, 1964, plaintiff returned the check with a demand for interest on the entire amount of the verdicts and a tender of costs. On October 7, 1964, Erie tendered checks in the amounts of $21,591.91 and $72.25. On October 12, 1964, these checks were returned. Finally, on November 12, 1964 Erie deposited with the prothonotary of the lower court checks in the sums of $21,591.91 and $72.25. Appellee did not enter judgments on the verdicts until April 13, 1965, on which date she also filed a praecipe for writ of execution with attachment and served a copy upon Erie as garnishee.

On May 20, 1965, plaintiff filed a motion for judgment on the pleadings in the attachment proceedings, which motion was granted by the court below. A judg-

ment was entered against Erie in the amount of $20,-000 together with interest computed from March 26, 1964 upon the entire amounts of the verdicts to date of payment, together with all costs. Erie has appealed.

At the outset it must be noted that absent a situation wherein interest due plus the principal amount of a verdict exceed applicable policy limits of liability, the insurer is liable for any and all interest accruing from the date of the rendition of an adverse verdict to the entry of judgment thereon. In this respect, insurance carriers are subject to the identical liability for interest as any other party defendant who has received an adverse verdict. Act of April 6, 1859, P. L. 381, §1, 12 P.S. §781.

However, in the instant case, we are confronted with the issue of determining an insurer's liability for interest when the interest allegedly due and owing plus the principal amount of the verdict exceed the face amount of the liability coverage under the policy. In these instances only, it is sufficient to say that an insurer is not liable for any interest *in excess of the policy limits of liability* unless and to the extent it has contracted with its insured to do otherwise.

Erie's liability insurance contract with its insured provides that Erie shall pay in addition to the applicable limits of liability: "All expenses incurred by the Erie, all costs taxed against the Insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Erie has paid or tendered or deposited in Court that part of the judgment which does not exceed the limit of the Erie's liability thereon. . . ." Plaintiff contends that neither (1) Erie's tender of the principal amount due nor (2) its tender of the principal amount plus fifty percent of interest on the entire amount of the verdicts plus fifty percent of the

costs satisfies its contractual obligation. We disagree.

The policy provides that Erie's liability for bodily injury caused to one person by the insured shall be limited to $20,000. It further provides that Erie shall pay "all interest on the entire amount of any judgment therein which accrues after entry of the judgment. . . ." The instant record discloses that judgment was not entered on the verdicts until April 13, 1965, on which date plaintiff commenced execution proceedings. However, long before entry of judgment, Erie had (1) tendered the policy limit, (2) tendered the policy limit plus interest on one-half of the entire amount of the verdicts plus one-half of the costs, and (3) paid into court the latter sums. Since Erie has complied with the terms of the policy and before the entry of judgment "paid or tendered or deposited in court that part of the judgment which [did] not exceed the limit of the Erie's liability," the court below erred in including in its judgment a requirement that Erie pay interest on the entire amount of the verdicts.

In holding that Erie has no liability for interest in excess of its policy limits, we are not unmindful of the legal principle requiring terms of an insurance policy susceptible of different interpretations to be construed in a manner most favorable to the insured. This principle is founded upon the doctrine that when an ambiguity exists in a written contract, the ambiguity must be resolved against the party drafting the contract. However, as regards the instant language, there can be no reasonable basis for differing interpretations. The policy in question makes Erie liable for interest on the entire amount of any *judgment* which accrues after entry thereof. It does not make Erie liable for interest on the entire amount of the *verdict* which accrues prior to the entry of judgment.

There being no ambiguity between verdict and judgment, we are without authority in either law or logic to judicially vary the clear and precise terms of the written contract. Our Court is bound to give legal effect to the intent of the parties as manifested by the unambiguous, unequivocal language in the contract of insurance.[1]

Another matter also warrants comment. At reargument on this appeal, appellee strenuously urged that the distinction between verdict and judgment, adopted by our Court in its initial opinion, was never raised by Erie at any time during the course of this litigation and hence the issue was not properly before us. In answering appellee's contention that we are indulging in a form of super-advocacy, it is only necessary to note that we are charged here with the responsibility of interpreting a written contract. The mere fact that the interpretation which we deem proper and just had never been raised before should not and does not preclude our Court from arriving at a result consonant with recognized principles of law. We have held on many occasions that litigants may not confer subject matter jurisdiction on a court by consent or failure to object. By the same token litigants may not prevent a court from applying relevant principles of law when such principles are germane to a proper resolution of the case at hand. Our conclusion that judg-

---

[1] We recognize that a conflict of interest might arise in cases where a verdict equals or exceeds policy limits. Admittedly, an insurance carrier by engaging in dilatory tactics after the rendition of an adverse verdict can cause the insured's obligation to pay interest to increase substantially while its own obligation remains constant. Therefore, whenever an insurance carrier has in bad faith precluded the entry of judgment on a verdict, it will be held accountable for any interest accruing on the verdict notwithstanding such amount far exceeds the liability limits of its insurance policy.

ment and verdict have distinctly different meanings is indicative of the fact that the majority of this Court will not blind itself to what a proper application of the law demands.

There remains only the matter of costs. Erie contends that since there are two responsible defendants, only one of whom it insured, it need pay only fifty percent of the compensable costs. That view, of course, is wrong. Pursuant to the Uniform Contribution Among Tortfeasors Act, Act of July 19, 1951, P. L. 1130, §§1-8, 12 P.S. §§2080-2089 (Supp. 1965), a party defendant who pays a verdict has a right of contribution from his joint tortfeasors. That act, however, in no way affects the right of a plaintiff to recover the entire amount of the verdict, interest and costs from any one of the joint tortfeasors. Accordingly, Erie must pay the costs in full, which amount may be deducted from the excessive sum already deposited in court.

The judgment of the court below is vacated, and judgment is entered in favor of plaintiff and against garnishee, Erie Insurance Exchange, in the amount of $20,000 without interest, together with all compensable costs.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

Not only is the majority opinion devoid of any authority to support its conclusion that Erie Insurance Exchange is not liable for *any* interest accruing between the date of verdict and the time of formal entry of judgment, but it also ignores the weight of authority from other jurisdictions. Even more inexplicable is the fact that the majority holds that Erie is liable for *less* than Erie admits it owes. Certainly, given the well established rule that a contract of insurance is

construed against the drafter (here Erie), at minimum appellee is entitled to the amount of interest that Erie *admitted* in its brief is owing.

While older cases have concluded that the insurer's liability for interest is limited to that part of the judgment for which the insurer is responsible, most recent decisions have viewed the liability for interest as extending to the entire amount of the verdict. See *Southern Farm Bureau Cas. Ins. Co. v. Robinson,* 236 Ark. 268, 365 S.W. 2d 454 (1963); *River Valley Cartage Co. v. Hawkeye-Security Ins. Co.,* 17 Ill. 2d 242, 244-45, 161 N.E. 2d 101, 103, 76 A.L.R. 2d 978, 981 (1959); *Doty v. Central Mutual Ins. Co.,* 186 So. 2d 328 (La. Ct. App. 1966); *Powell v. T. A. & C. Taxi, Inc.,* 104 N.H. 428, 188 A. 2d 654 (1963); *Kraynick v. Nationwide Ins. Co.,* 80 N.J. Super. 296, 193 A. 2d 419 (1963); *Mayberry v. Home Ins. Co.,* 264 N.C. 658, 142 S.E. 2d 626 (1965); *Coventry v. Steve Koren, Inc.,* 1 Ohio App. 2d 385, 205 N.E. 2d 18, aff'd on opinion of court below, 4 Ohio St. 2d 24, 211 N.E. 2d 833 (1965); *Plasky v. Gulf Ins. Co.,* 160 Tex. 612, 335 S.W. 2d 581 (1960); contra, *Crook v. State Farm Mutual Auto Ins. Co.,* 235 S.C. 452, 112 S.E. 2d 241 (1960); *Nichols v. United States Fidelity & Guaranty Co.,* 13 Wisc. 2d 491, 109 N.W. 2d 131 (1961); see generally, Annot., 76 A.L.R. 2d 983 (1959). Certainly this is the first case where any court has held that under these facts the insurer is not liable for *any* interest.

The majority's holding in this case actually awards the appellee *less* than the appellant admits it owes: "It is the contention of the Garnishee [appellant] that under the clear unambiguous specific terms of its insurance policy, it is liable only for $20,000, together with interest at 6% to be computed from March 26, 1964, *upon the entire amount of the verdict,* to wit, $101,418.15 to September 10, 1964, the date on which

payment was made to counsel for the Plaintiff, together with all costs to that date." Appellant's Brief, p. 11. (Emphasis supplied.)

Furthermore, appellant insurance company frankly conceded: "Erie is only liable to the Plaintiff for all costs and for all interest on the entire amount of any judgment before Erie has paid or tendered or deposited in Court that part of the judgment which does not exceed the limit of Erie's liability thereon. In this instance, *judgment is synonymous with verdict*, the amount being $101,418.50, *since a mere praecipe converts a verdict into a judgment.*" Appellant's Brief, page 12. (Emphasis supplied.)

The majority insists that because the insurance company did not act in bad faith, there is no obligation upon it to pay any interest. Once again, the brief of the party victorious on this appeal refutes its reasoning: "The provision in the policy [quoted in the majority opinion] is manifestly for the protection of the Defendant. Since the liability carrier controls the litigation it would be most prejudicial to the Defendant assured if he were responsible for interest which is accruing on the entire amount of the verdict while post-trial motions and appeals are pending."[1] Appellant's Brief, p. 13.

Moreover, the majority places insurance companies in a preferred position in relation to other judgment debtors and this is in direct conflict with the Act of April 6, 1859, P. L. 381, §1, 12 P.S. §781: "From and after the passage of this act it shall be lawful for any party or parties, in whose favor any verdict may be rendered for a specific sum of money, to collect and

---

[1] Compare *Gray v. Nationwide Mut. Ins. Co.*, 422 Pa. 500, 223 A. 2d 8 (1966); *Gedeon v. State Farm Mut. Automobile Ins. Co.*, 410 Pa. 55, 188 A. 2d 320 (1963); *Cowden v. Aetna Casualty & Surety Co.*, 389 Pa. 459, 134 A. 2d 223 (1957).

receive interest upon such sum from the date of the verdict; and *every general judgment entered upon such verdict . . . shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding. . . ."* (Emphasis supplied.) The three Pennsylvania cases which consider the insurance company's liability for interest between the date of the verdict and the entry of judgment are unanimously agreed that the insurer is liable. See *Paul v. Dwyer*, 42 Pa. D. & C. 2d 467 (C.P. Montgomery Cty. 1967) ; *Skinner v. Capers*, 37 Pa. D. & C. 2d 782 (C.P. Butler Cty. 1964) ; *Powell v. Empire Mutual Ins. Co.*, 24 Pa. D. & C. 2d 572 (C.P. Philadelphia Cty. 1961). In each case the policy provision at issue was identical to that here involved. The *Skinner* court held that under the clear language of the Act of 1859 the company was liable for interest from the date of the verdict. I agree, for I think it clear that the Act of 1859 makes the words "judgment" and "verdict" synonymous for these purposes. That these words have different meanings in other contexts is here irrelevant.

Interestingly, a case authored by the writer of the majority opinion, *Kelly v. Allegheny County Redevelopment Auth.*, 411 Pa. 210, 191 A. 2d 393 (1963), re-enforces my view of the proper interpretation of the Act of 1859. On April 7, 1961, a jury returned a verdict of $130,000 in favor of the Kellys as compensation for land condemned by the authority. Believing this award to be inadequate, the Kellys moved for a new trial. When their motion was denied, judgment was entered on the verdict of January 8, 1962 and an appeal taken to this Court. On April 17, 1962, this Court affirmed the award; the authority tendered payment of $130,000 on May 8, 1962. On appeal the Kellys contended that they were entitled to interest from April 7, 1961, even though it was their action which caused the

delay in payment. While admitting that this was a difficult issue, this Court agreed with the Kellys: "Appellee [the authority] argues that it has been prevented from satisfying the judgment by appellants' attempts to set aside the verdict and judgment. Yet during this entire period, *without making any tender of the amount admittedly due,* appellee has had full use and benefit of the money." 411 Pa. at 213, 191 A. 2d at 395. (Emphasis in original.)

Judge CLARY of the United States District Court for the Eastern District of Pennsylvania, interpreting Pennsylvania law, concluded that policy language which is in all material particulars identical to that presently in dispute requires that the insurer pay interest on the full amount of the verdict. See *Underwood v. Buzby,* 136 F. Supp. 957 (E.D. Pa. 1955), aff'd 236 F. 2d 937 (3d Cir. 1956). Plaintiff in *Underwood* obtained a verdict of $60,000 in an automobile negligence case. Defendant was insured only to the extent of $25,000. After the dismissal of defendant's post-trial motions, defendant's insurance carrier paid into court $25,000 plus interest on that amount only from the date of verdict to the date of payment. Plaintiff contended that the carrier was bound to pay into court $25,000 plus interest upon the entire verdict, $35,000 of which was not insured. The district court held that the carrier was required to pay interest on the uninsured portion of the verdict from the date of entry of the verdict to the date of payment into court of the proceeds of the policy plus interest. The policy therein involved provided that the company pay "all interest accruing after entry of *judgment* until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon. . . ." (Emphasis supplied.)

Judge CLARY'S reasoning is persuasive (136 F. Supp. at 959): "Very little restrictive language would have been required to limit the liability of the insurer to interest only upon that portion of the judgment covered by its policy if that were the intention of the insurer. The obligation of the company to pay interest on the full amount of the verdict gives realistic protection to the insured. The company is in charge of the litigation and after verdict may conscientiously feel that its insured is not liable and may wish to appeal from an adverse judgment. . . . [Under this reading of the clause] no harm can come to the insured. While the company's liability remains fixed at the stated limits of the policy, nevertheless, in law, there is a continuing obligation of the insured to pay interest upon the *full amount* of the verdict. Under the provisions of the policy as written the company absorbs the accruing obligations of its insured during the time the matter is on appeal. Giving the words selected by the insurer their plain meaning, I feel there is no ambiguity and the insurer is liable for interest on the full amount of the verdict to the date of the payment by the insurer into the Registry of this Court." (Emphasis in original.)

The majority's statements in footnote 1 indicate that it believes that adequate protection is given the insured if the insurer is held for interest liability where it acts in "bad faith." This protection is wholly illusory. No standards are provided to enable the trial court to determine what constitutes "bad faith." Furthermore, the insured can enforce the "bad faith" standard only through additional litigation the expenses of which may well equal any interest recovered. What the majority has done is absolve the insurance carrier for interest liability where the carrier unilaterally and

for whatever reason decides that an appeal will be taken.

Perhaps the most incredible aspect of the majority's holding is that it conflicts with the interpretation advocated by the insurance industry itself. The clause presently under review was inserted into policies for the express reason of assuring the policyholder that the insurance carrier would assume liability for interest on the entire amount of the verdict. See Ramsey, Interest on Judgments Under Liability Insurance Policies, Insurance L.J., No. 414, at pp. 407, 411 (July, 1957): "The new family combination automobile policy, issued by The National Bureau of Casualty Underwriters, now provides with reference to this question that the insurance company is required to pay: '. . . all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon.'

"The National Bureau of Casualty Underwriters has also issued a directory to its member companies reading: 'Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon. All Automobile and General Liability policies will be changed accordingly upon re-

302

vision. In the meantime, they should be interpreted in keeping with the above intent.' "

The Act of 1859 makes it clear beyond question that when one speaks of entry of judgment in Pennsylvania the judgment entered is computed by adding to the verdict the amount of interest owing. Simply, just as "2 plus 2" and "4" are identical, "verdict plus interest" and "judgment" are in Pennsylvania identical.

The unnatural result achieved by the majority's reasoning is best illustrated by the following hypothetical example. Defendant's policy has a maximum coverage provision of $20,000 and plaintiff recovers a verdict for precisely that amount. The insurance company, *in good faith,* files a timely new trial motion which is not resolved until one year later when that motion is denied. Under *Moore v. Quigley,* 402 Pa. 636, 168 A. 2d 334 (1961) plaintiff *cannot* enter judgment on his verdict *until* the new trial motions have been adjudicated. The defendant, unless he pays to plaintiff an amount of money sufficient to satisfy the verdict, cannot prevent the running of interest and will be liable for interest of $1,200. Yet the plaintiff recovered an amount covered by defendant's policy. To avoid this result (one mandated by the majority's opinion), it is obvious that verdict and judgment mean the same thing for purposes of this policy.

The sole issue on this appeal, which has been totally obfuscated by the majority's opinion, is whether, when the appellant offered to pay the appellee $20,000 on September 10, 1964, the full amount of its liability under its policy, it tolled the running of the interest on the entire amount of the verdict. It is now conceded by the appellant that their offer of 50% of the interest and 50% of the cost on October 7, 1964 did not equal their full obligation.

The Illinois Supreme Court was recently confronted with this same issue in *River Valley Cartage Co. v. Hawkeye-Security Ins. Co.*, 17 Ill. 2d 242, 161 N.E. 2d 101, 76 A.L.R. 2d 978 (1959). I am in accord with the view taken by Justice SCHAEFER, id. at 246-47, 161 N.E. 2d at 104, 76 A.L.R. 2d at 982-83: "Under the terms of its policy, the insurer is liable for interest 'until the company has paid, tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon.' The Appellate Court found that this phrase 'means that the accrual of interest shall terminate upon a tender of the principal amount for which the company is liable exclusive of all costs and interest.' 18 Ill. App. 2d 454, 461, 152 N.E. 2d 603, 607. So it held that the insurer's liability for interest terminated at the time of the July, 1956, tender of $50,000. We think that this view gives what is not a legal tender the effect of a legal tender. The question must be appraised in terms of the rights of the insured against the insurer, because by this garnishment proceeding the plaintiff seeks to reach the indebtedness of the insurer to the insured. A valid tender by the debtor must be 'sufficient to cover all that the creditor then has a right to recover, whether of debt, interest or costs. If he tender less, then the tender is not good, . . . .' Sweetland v. Tuthill, 54 Ill. 215, 216.[2]

"Since the insurer conceded that it was liable for some interest and costs at the time of the alleged tender, although it disputed the exact amount, it should have been clear to the insurer that it did not make a legally valid tender. While it is true that interest is a separate and distinct obligation from the judgment,

---

[2] Accord, *West Republic Mining Co. v. Jones & Laughlins*, 108 Pa. 55 (1885); *J. P. Cope Hotels Co. v. Fidelity-Phenix Fire Ins. Co.*, 126 Pa. Superior Ct. 260, 191 Atl. 636 (1937); see *Palmgreen v. Palmer's Garage, Inc.*, 383 Pa. 105, 117 A. 2d 721 (1955).

the provision in the policy only makes sense if the word 'judgment' is read to include interest. Otherwise, the insurer could, by offering a sum that in most instances the judgment creditor would have to refuse in order to preserve his full rights, free itself from the impact of the provision which is its incentive for speedily discharging its entire obligation."[3]

In the instant case the insurer admits that it is liable for interest on the entire verdict at least until September 10, 1964. This is not the first time in recent months where, over my dissent, this Court, acting as a super-advocate, has ruled in favor of a litigant on a point of law which said litigant not only failed to complain about but also conceded was not an issue in the case. See *Heck v. Beryllium Corp.*, 424 Pa. 140, 226 A. 2d 87 (1966). I know of no justification for this power in either law or logic.

I dissent.

Mr. Justice MUSMANNO and Mr. Justice EAGEN join in this dissenting opinion.

[3] Compare cases cited note 1, supra.