[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO SET ASIDE VERDICTAND FOR ENTRY OF JUDGMENT
Before the court is a motion to set aside verdict and for entry of judgment filed by the defendant, Windsor Insurance Company.
The following facts are not in dispute. The plaintiff, Greg LaRose, is a policy holder of an automobile insurance policy issued by the defendant. On July 31, 1992, the plaintiff was injured in an automobile accident. Because the plaintiff was hit by an uninsured driver, he brought suit against the defendant to recover for his damages under the CT Page 2961-V uninsured/underinsured provision of his policy. On December 7, 1995, the jury returned a verdict in the amount of $60,000 in favor of the plaintiff.
Both parties agree that the total amount available to the plaintiff under his policy equals $40,000. Both parties further agree that the defendant is allowed to deduct a no-fault credit of $2,733.57 from the $40,000 limits of the policy. The parties disagree, however, as to whether the plaintiff is entitled to recover his taxable costs pursuant to General Statutes § 52-257.
Because the verdict ($60,000) far exceeds the uninsured/underinsured policy limit ($40,000), the defendant claims that the plaintiff is not entitled to recover any taxable costs. In opposition, the plaintiff asserts that the defendant's obligation to pay costs is a separate statutory obligation distinct from the issues of policy coverage. The issue presented is of first impression.
"Interpretation of an insurance policy, like the interpretation of other written contracts, involves a CT Page 2962 determination of the intent of the parties as expressed by the language of the policy. . . . Unlike certain other contracts . . . construction of a contract of insurance presents a question of law for the court . . ." Aetna Life CasualtyCo. v. Bulaong, 218 Conn. 51, 58 (1991). "A policy of insurance is to be interpreted by the same general rules as those governing the construction of any written contract. . . . If the insurance coverage is ambiguous, such ambiguity will be resolved against the insurer." Kent v. Middlesex MutualInsurance Co., 226 Conn. 427, 436 n. 13 (1993). "Contracts of insurance, moreover, must be read pursuant to the law existing when they were entered into; . . . because it is presumed that the parties bargained with each other on the basis of existing law." Aetna Casualty Surety Co. v. Lighty, 3 Conn. App. 697,701 (1985).
General Statutes § 38a-336 (b) provides, in part:
 An insurance company shall be obligated to make payment to its insured up to the limits of the policy's uninsured and underinsured motorist coverage after the limits of liability under all bodily injury liability bonds or insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements, but in no event shall the total amount of recovery from all policies. including any amount recovered under the insured's uninsured and underinsured motorist coverage, exceed the limits of the insured's uninsured and underinsured motorist coverage. E(Emphasis added.)
Relying on the emphasized language, the defendant asserts that to allow the plaintiff to recover the taxable costs of this suit would violate the statute because the defendant would be forced to pay sums in excess of the policy's limits. The defendant's reliance on this statute, however, is misplaced because the statute has nothing to do with taxable costs. The statute merely states what the parties have already stipulated to; that is, that even though the jury awarded the plaintiff $60,000 in damages, the plaintiff is entitled only to the policy limit of $40,000, minus any appropriate set-offs as contained in the policy.
The language of the policy mirrors the statute. Part C CT Page 2963 — Uninsured motorist coverage states, in part, that:
 We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements. In no event shall the total amount of recovery from all policies, including recovery under insured motorists coverage, exceed the limits of uninsured motorist coverage of this policy.
There is nothing in the statute, nor in the language of the policy, that excludes or exempts the defendant from paying the taxable costs of the insured if the policy holder prevails in a civil suit against the insurer. Section 52-257, which the parties are presumed to know while bargaining with each other, states, in part: "(t)he prevailing party in any such civil action shall receive by indemnity . . ." certain sums as set forth therein. There is no dispute that this is a civil action and that the plaintiff prevailed after a jury trial.
The defendant has not submitted any statute or Connecticut case that absolves an insurer from paying the taxable costs of its insured if the jury returns a verdict in excess of the policy limits. The cases submitted by the defendant from other jurisdictions are not on point. For instance, in Alfa Mutual Insurance Co v. Moreland, 589 So.2d 169
(Ala. 1991), the plaintiff brought an uninsured motorist claim against his insurer. The coverage limit equaled $60,000, but the jury returned a verdict for $150,000. The court stated, at page 171, the general proposition also applicable in our case that:
 In an action for uninsured motorist benefits, absent fraud or bad faith, an insured may recover from his insurer damages only up to the limits provided in the contract of insurance. If the jury returns a verdict that exceeds the policy limits, "the trial court should then reduce the verdict, upon post-trial motion, to comply with the limits of the policy."
The case does not address the issue of whether taxable costs are payable to the plaintiff if the policy's limits are exceeded. CT Page 2964
In Baxley v. Nationwide Mutual Insurance Co.,430 S.E.2d 895 (N.C. 1993), the court addressed the issue of whether an insurer was obligated to pay court costs, including prejudgment interest on compensatory damages, awarded in the underlying tort action between the insured and the tortfeasor. In construing the words of the insurance contract, the court held that prejudgment interest was included in the term "damages", under the language of the policy, which stated that the insurer promises "to pay, up to its UIM [uninsured motorist] policy limit, damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle . . ." Id. 899. Since the plaintiff was statutorily entitled to prejudgment interest, which the court considered to be a part of her legal damages, the court held that the insurer must pay said sums up to the limits of its policy. There is no discussion as to whether taxable costs constitute damages.
Finally, in Hafer v. Schauer, 239 A.2d 785, 787 (Pa. 1968), the court confronted "the issue of determining an insurer's liability for interest when the interest allegedly due and owing plus the principal amount of the verdict exceed the face amount of the liability coverage under the policy." The court held that "an insurer is not liable for any interestin excess of the policy limits of liability unless and to the extent it has contracted with its insured to do otherwise." Id. (Emphasis in original.) The language of the insurer's policy stated that the insurer agreed to pay in addition to the applicable limits of liability:
 "All expenses incurred by the [insurer], all costs taxed against the Insured in any such suit and all interest on the entire amount of any judgment therein . . . which does not exceed the limit of the [insurer's] liability thereon." (Emphasis added.) Id.
In the present case, the defendant agreed to "pay damages which the insured or his legal representative shall be legally entitled to recover because of bodily injury, or death caused by the owner or operator of an uninsured motor vehicle." The defendant's policy language tracks the insurance contract language at issue in the Baxley case, in which the court held that the insurer must pay prejudgment interest up to the CT Page 2965 policy limits.
Unlike the cases cited by the defendant, however, in this case the payment of pre- or post-judgment interest is not involved; the issue is whether taxed costs fall within the category of "damages" under the policy. The court concludes that the plaintiff's taxed costs are separate and distinct from the plaintiff's damages in this case. Practice Book § 324 states, in part, that "[t]he court shall render judgment on all verdicts of the jury, according to their finding, with costs, unless the verdict is set aside; . . ." Thus, it appears that costs in Connecticut are not treated as damages included within the jury's verdict, but are treated separately. In fact, a review of any of the form judgments in the Practice Book supports this conclusion. Form 107.3, entitled "Judgement After Jury Trial," states, in part, "[w]hereupon it is adjudged that the _____ recover of the ______ $ _____ damages and _____ costs, taxed at $ _____."
Unlike the policy language quoted in the Hafer case, the defendant's policy does not contain any language which contractually obligates it to pay the plaintiff's costs only up to the policy's limits. Instead, the language only speaks of plaintiff's damages and makes no distinction between damages and taxed costs. Costs are not part of the plaintiff's damages, but represent a separate and distinct statutory obligation which any plaintiff or defendant must pay to the prevailing party in a civil suit. If the defendant wanted to insure that it would not be liable for the plaintiff's taxed costs when the limits of its uninsured liability had been exhausted, it should have drafted more precise language to that effect. It did not and the court, therefore, must conclude that under the terms of the policy, and in the absence of contrary Connecticut case law, the plaintiff is entitled to recover his taxable costs.
For the reasons stated above, the defendant's motion to set aside the verdict and for entry of judgment is denied.
Hendel, J.