379 A.2d 79

Mary Ann INCOLLINGO, a minor by Vincent Incollingo, her guardian and Vincent Incollingo and Connie Incollingo

v.

Peirce G. EWING, Defendant.

Appeal of Karen BLANCK.

Firemen's Insurance Company of Newark, New Jersey, of the Continental Insurance Group and Medical Protective Company of Fort Wayne, Indiana, Garnishees-Appellees.

Supreme Court of Pennsylvania.

Argued June 23, 1975.

Decided Oct. 7, 1977.

Rehearing Denied Nov. 10, 1977.

528

Edward W. Madeira, Jr., Philadelphia, for appellant.

James Lewis Griffith, Philadelphia, for appellee, Medical Protective Co. of Fort Wayne, Indiana.

Joseph G. Manta, Philadelphia, for appellee, Firemen's Ins. Co. of Newark, N. J. of the Continental Ins. Group.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO, and PACKEL, JJ.

## OPINION

MANDERINO, Justice.

This appeal, from an Order of the Court of Common Pleas of Philadelphia County entered on September 24, 1974, had its genesis in our decision in *Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206 (1971). In that case, we upheld a verdict and judgment in the amount of $215,000 entered against three joint-tortfeasors, Parke-Davis and Company (Parke-Davis), Domenico Cincinotta, and Samuel I. Levin. The verdict was entered on December 14, 1967; judgment was entered on November 24, 1969. Parke-Davis, through its insurer, Lloyds of London, paid the entire amount of the judgment on November 19, 1971. The judgment included not only the principal amount of $215,000, but also $50,833.30 in interest accrued from December 14, 1967, until the date of payment, and $2,378.84 in costs. Thereafter the judgment was marked to the use of Parke-Davis and satisfied as to it only. This use-judgment was then assigned to Karen Blanck, an employee of counsel for Parke-Davis and the appellant in this case.

Parke-Davis' insurance coverage with Lloyds of London exceeded $2,000,000. Cincinotta was insured by appellee Medical Protective Company of Fort Wayne, Indiana (Medical Protective) in the amount of $10,000. Levin was insured in the same amount by appellee Firemen's Insurance Company of Newark, New Jersey (Firemen's). Parke-Davis claimed that Firemen's and Medical Protective were each liable, under their respective policies with their insureds, for (1) the $10,000 policy coverage, (2) one-third of the interest which accrued on the $215,000 award between December 14, 1967, the date of the verdict, to November 19, 1971, the date when Parke-Davis paid all accrued interest on the principal award to the plaintiff, (3) one-third of the total costs paid by Parke-Davis on November 19, 1971, and (4) interest on the sum of items (1), (2) and (3) from November 19, 1971, when Parke-Davis satisfied the judgment due plaintiff as well as all interest and costs due. (The total due is subject to credit for any partial payments made.)

Appellant caused a writ of execution in attachment and summons to be issued against appellees, each as garnishee. In June of 1972, the issue was submitted to the Court of Common Pleas of Philadelphia County on stipulated facts and cross-motions for summary judgment. On September 24, 1974, the trial court entered summary judgment for appellant holding that each appellee was responsible for one-third of the costs, and that they were not responsible for any interest whatever since they had paid to the limits of their liability under their respective policies. In so deciding, the trial court relied on our decision in *Hafer v. Schauer*, 429 Pa. 289, 239 A.2d 785 (1968), characterizing *Hafer* as standing for the proposition that an insurer is not liable for any interest in excess of the policy limits of liability unless the insurer has contracted with its insured to pay such interest. The trial court found the language of both policies to be substantially the same as that of the policy in *Hafer*, and, without elaboration, simply concluded that the policies did not impose any obligation upon appellees to pay any amounts (excluding costs) in excess of $10,000.00.

The relevant provision in Firemen's policy reads:

"With respect to such insurance as is afforded by this policy, the company shall:

(a) defend any suit against the insured alleging . . injury and seeking damages on account thereof . . .

.    .    .    .    .

(b)(2) pay all expenses incurred by the Company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in the Court such part of such judgment as does not exceed the limit of the Company's liability thereon . . . and the amounts so incurred, except settlement of claims and suits, are payable by the Company in addition to the applicable limit of liability on this policy."

The relevant provision in Medical Protective's policy reads:

"B.    Upon receipt of notice the Company shall immediately assume its responsibility for the defense of any such claim or suit and shall retain legal counsel, who shall defend in conjunction with the legal department of the Company. Such defense shall be maintained until final judgment in favor of the Insured shall have been obtained or until all remedies by appeal, writ of error or other legal proceedings shall have been exhausted at the Company's cost and without limit as to the amount expended.

.    .    .    .    .

E.    The Company's liability for damages shall not exceed the minimum amount herein stated in any one claim or suit and subject to the same limit for each claim or suit the Company's total liability, during one policy year, shall not exceed the maximum amount herein stated; such amount being in addition to the cost of the unlimited defense provided under Paragraph B and the premium on any bond furnished under paragraph C."

Parke-Davis contends that the dissenting opinion of Mr. Justice Roberts in *Hafer v. Schauer*, 429 Pa. 289, 239 A.2d 785 (1968), joined by Mr. Justice Eagen (now Chief Justice)

and Mr. Justice Musmanno, is correct, and that an insurer is liable for interest from and after the date of the verdict notwithstanding policy limits. Appellees counter by claiming they in fact made timely tenders to Parke-Davis at a pre-trial conference long before the verdict and judgment were entered and are not bound to pay any sum in excess of its policy limits of $10,000. They point to *Stipulation of Facts* Nos. 4 and 5 which state:

4. "At a pre-trial conference in the above captioned action held on October 18, 1967, defendant Samuel I. Levin and Domenico Cincinotta each offered the full limit of their coverage in settlement of the lawsuit. Parke-Davis offered $5,000 in settlement."

5. "The attempted settlement was refused by plaintiffs' counsel as not being adequate and the matter proceeded to trial."

Appellees also rely on *Hafer*, and on the language of their policies for the contention that they are not liable for more than $10,000 each (exclusive of costs). Alternatively Firemen's argues that the most interest it could be liable for is that due on its pro-rata share (10/215) of the verdict, up to the time of actual payment to Parke-Davis, and that amount has already been paid.

*Hafer* involved jury verdicts of over $100,000 against two defendants, one of whom was insured by Erie Insurance Exchange (Erie) for $20,000. After Erie's post-trial motions were withdrawn or abandoned, it sent a check for $20,000 to plaintiff. The plaintiff returned the check with a demand for interest on the entire amount of the verdict plus costs. A subsequent tender by Erie of the policy limits plus one-half of the accrued interest from date of verdict and one-half costs was also refused, and was then deposited in court. The plaintiff thereafter entered judgment on the verdict and commenced execution proceedings. After a decision in the trial court adverse to Erie, Erie appealed, and we reversed. Mr. Justice (now Chief Justice) Eagen, Mr. Justice Roberts and Mr. Justice Musmanno dissented.

The majority in *Hafer* noted that ordinarily an insurer is liable for all interest accruing from the date of verdict pursuant to the Act of April 6, 1859, P.L. 381, § 1, 12 P.S. § 781. The Court went on to state, however, that "an insurer is not liable for any interest *in excess of the policy limits of liability* unless and to the extent it has contracted with its insured to do otherwise." 429 Pa. at 292, 239 A.2d at 787. (Emphasis in original). The majority then examined the provisions of Erie's policy which stated in relevant part that Erie shall pay "all interest on the entire amount of any judgment which accrues after entry of judgment." The majority emphasized the distinction between verdict and judgment, noted that Erie would be liable for interest only from the date of judgment, and concluded that because Erie had tendered the policy limits before judgment, it was not liable under the policy for any interest on the verdict.

We quote at length from the dissenting opinion of Mr. Justice Roberts in *Hafer* :

"Not only is the majority opinion devoid of any authority to support its conclusion that Erie Insurance Exchange is not liable for *any* interest accruing between the date of verdict and the time of formal entry of judgment, but it also ignores the weight of authority from other jurisdictions. Even more inexplicable is the fact that the majority holds that Erie is liable for *less* than Erie admits it owes. Certainly, given the well established rule that a contract of insurance is construed against the drafter (here Erie), at minimum appellee is entitled to the amount of interest that Erie *admitted* in its brief is owing.

While older cases have concluded that the insurer's liability for interest is limited to that part of the judgment for which the insurer is responsible, most recent decisions have viewed the liability for interest as extending to the entire amount of the verdict. (citations omitted). Certainly this is the first case where any court has held that under these facts the insurer is not liable for any interest.

\* \* \* \* \* \*

Moreover, the majority places insurance companies in a preferred position in relation to other judgment debtors and this is in direct conflict with the Act of April 6, 1859, P.L. 381, § 1, 12 P.S. § 781: "From and after the passage of this act it shall be lawful for any party or parties, in whose favor any verdict may be rendered for a specific sum of money, to collect and receive interest upon such sum from the date of the verdict; and *every general judgment entered upon such verdict . . . shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding . . . .*" (Emphasis supplied.) The three Pennsylvania cases which consider the insurance company's liability for interest between the date of the verdict and the entry of judgment are unanimously agreed that the insurer is liable. See *Paul v. Dwyer*, 42 Pa.D. & C.2d 467 (C.P. Montgomery Cty. 1967); *Skinner v. Capers*, 37 Pa.D. & C.2d 782 (C.P. Butler Cty. 1964); *Powell v. Empire Mutual Ins. Co.*, 24 Pa.D. & C.2d 572 (C.P. Philadelphia Cty. 1961). In each case the policy provision at issue was identical to that here involved. The *Skinner* court held that under the clear language of the Act of 1859 the company was liable for interest from the date of the verdict. I agree, for I think it clear that the Act of 1859 makes the words "judgment" and "verdict" synonymous for these purposes. That these words have different meanings in other contexts is here irrelevant.

\* \* \* \* \* \*

The majority's statements in footnote 1 indicate that it believes that adequate protection is given the insured if the insurer is held for interest liability where it acts in "bad faith." This protection is wholly illusory. No standards are provided to enable the trial court to determine what constitutes "bad faith." Furthermore, the insured can enforce the "bad faith" standard only through additional litigation the expenses of which may well equal any interest recovered. What the majority has done is absolve the insurance carrier for interest liability where the carri-

er unilaterally and for whatever reason decides that an appeal will be taken.

Perhaps the most incredible aspect of the majority's holding is that it conflicts with the interpretation advocated by the insurance industry itself. The clause presently under review was inserted into policies for the express reason of assuring the policyholder that the insurance carrier would assume liability for interest on the entire amount of the verdict. See Ramsey, "Interest on Judgments Under Liability Insurance Policies," Insurance L.J., No. 414, at pp. 407, 411 (July, 1957): "The new family combination automobile policy, issued by The National Bureau of Casualty Underwriters, now provides with reference to this question that the insurance company is required to pay: '. . . all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon.'

"The National Bureau of Casualty Underwriters has also issued a directory to its member companies reading: 'Several court cases have held that an insurer's obligation to pay interest extends only to that part of the judgment for which the insurer is liable. The respective rating committees have agreed that this is contrary to the intent. As a result, the wording with respect to payment of interest in the new Family Automobile Policy has been restated, in order that it be entirely clear that all interest on the entire amount of any judgment, which accrues after entry of the judgment, is payable by the insurer until the insurer has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the insurer's liability thereon. All Automobile and General Liability policies will be changed accordingly upon revision. In the meantime, they should be interpreted in keeping with the above intent.'"

The Act of 1859 makes it clear beyond question that when one speaks of entry of judgment in Pennsylvania the judgment entered is computed by adding to the verdict the amount of interest owing. Simply, just as "2 plus 2" and "4" are identical, "verdict plus interest" and "judgment" are in Pennsylvania identical.

The unnatural result achieved by the majority's reasoning is best illustrated by the following hypothetical example. Defendant's policy has a maximum coverage provision of $20,000 and plaintiff recovers a verdict for precisely that amount. The insurance company, *in good faith*, files a timely new trial motion which is not resolved until one year later when that motion is denied. Under *Moore v. Quigley*, 402 Pa. 636, 168 A.2d 334 (1961) plaintiff *cannot* enter judgment on his verdict *until* the new trial motions have been adjudicated. The defendant, unless he pays to plaintiff an amount of money sufficient to satisfy the verdict, cannot prevent the running of interest and will be liable for interest of $1,200. Yet the plaintiff recovered an amount covered by defendant's policy. To avoid this result (one mandated by the majority's opinion), it is obvious that verdict and judgment mean the same thing for purposes of this policy."

For the reasons that follow, we think the position taken by Mr. Justice Roberts is correct, and that *Hafer,* at least in substantial part, should no longer be considered good law in Pennsylvania.

## I.  APPELLEE FIREMEN'S

The language in Firemen's policy of insurance is substantially the same as the language involved in *Hafer.* Although *Hafer* is factually distinguishable from this case in that the insurance company in *Hafer* unquestionably tendered the policy limit of its liability before judgment, our interpretation of the relevant statutory provision leads us to conclude that *Hafer* was wrongly decided at least insofar as it distinguished verdict and judgment for purposes of computing an insurance company's liability for interest. The Act of April 6, 1859, P.L. 381, § 1, 12 P.S. § 781 provides:

"From and after the passage of this act it shall be lawful for any party or parties, in whose favor any verdict may be rendered for a specific sum of money, to collect and receive interest upon such sum from the date of the verdict; and every general judgment entered upon such verdict, whether by a court of original jurisdiction, or by the supreme court, shall be deemed and held to be a judgment for the sum found by the verdict, with interest thereon from the date of such finding: Provided, That nothing in this act contained shall prevent any court from directing special verdicts, or entering special judgments whenever the same shall be deemed just and proper."

The import of § 781 is clear. At least for purposes of computing interest, judgment and verdict are synonymous, and the date from which interest accrues is the date of verdict, not the date judgment is finally entered. *See Kelly v. Allegheny County Redevel. Auth.,* 411 Pa. 210, 191 A.2d 393 (1963); *Sharp v. Keiser,* 292 Pa. 142, 140 A. 772 (1928). As articulated by Mr. Justice Roberts, "verdict plus interest" and "judgment" are in Pennsylvania identical. *Hafer v. Schauer,* 429 Pa. 290, 302, 239 A.2d 785, 792 (1968) (dissenting opinion).

We adhere to the general rule stated in *Hafer* that absent an insurer's agreement to do so, an insurer is not liable for interest in excess of policy limits. We hold today, however, contrary to *Hafer,* that when an insurance company contracts with an insured to "pay . . . all interest accruing after entry of judgment," Pennsylvania law requires that the defendant pay interest computed from the date of verdict to the entry of the judgment and interest on the amount of the judgment entered thereafter. To decide otherwise would ignore the language and legislative intent embodied in § 781.

Our conclusion does not mean that an insurer must pay more than the total policy coverage. Although we speak of "policy limit" in referring to the amount of liability coverage, that amount is not really the "policy limit." The "policy limit" includes not only the liability coverage but

also all other amounts for interest, costs or expenses which the insurer has contracted to pay. The insurer contracts to pay these other items to be fair to the insured since the insurer has control of the litigation until all legal recourse is exhausted.

If a stated policy limit enabled an insurer to escape paying the interest accruing during the time appeals were pending, appeals which the insurer itself initiated, the insured will be liable for the interest accumulating from the date of verdict despite his or her complete lack of control over the litigation. It is therefore both fair and sensible to hold the insurer liable for interest accruing from the date of verdict notwithstanding its stated "policy limit." *See* Appleman, 8 *Insurance Law and Practice* § 4899, at 364 (1964). We therefore hold that Firemen's is liable for interest computed from the date of verdict, regardless of so-called policy limits, when, as here, it agreed to pay all interest "accruing after entry of judgment."

■ The issue remains as to the amount of Firemen's liability for interest. Appellant Parke-Davis contends that Firemen's is liable for one-third of the accrued interest on the entire verdict. Firemen's argues that its interest liability should be calculated on the basis of the ratio of its policy limit to the total judgment. We find Firemen's argument without merit. Here again the contract between insured and insurer is controlling. Firemen's easily could have limited its interest liability on a large judgment against its insured to that portion of the judgment covered by its policy. No such provision appears in the contract between Fireman's and its·insured. We read Firemen's policy as saying, in effect, it will pay all interest on the judgment until it tenders its part of such judgment, not as saying it will pay interest on *its part* of the judgment until it tenders its part of the judgment.

■ Other reasons justify this result. Firemen's insured, Levin, is liable as a joint tortfeasor for the entire amount of the judgment entered on behalf of plaintiff. *Greco v. Bucci-*

*coni Engineering Co.,* 283 F.Supp. 978, 985 (W.D.Pa.1967), *aff'd,* 407 F.2d 87 (3d Cir. 1969); *Hafer v. Schauer,* 429 Pa. at 295, 239 A.2d at 788. The same is true as to interest due; a party with a judgment could look to any one of the joint tortfeasors for full payment of interest. Neither of these rights is in any way affected by a tortfeasor's right to contribution under the Uniform Contribution Among Tortfeasors Act, 12 P.S. §§ 2082–2089.14 (Purdon 1967 & Supp. 1977–1978). *Hafer v. Schauer,* 429 Pa. at 295, 239 A.2d at 788. In light of this fact, and the fact that the insurer is in control of the litigation, obligating the insurer to pay interest on the full amount of the verdict is the only means of giving realistic protection to the insured. *See Underwood v. Buzby,* 136 F.Supp. 957, 959 (E.D.Pa.1955), *aff'd,* 236 F.2d 937 (3d Cir. 1956).

We therefore hold that Firemen's liability for interest is for the interest on the full amount of the verdict. *See* cases cited at *Hafer v. Schauer,* 429 Pa. at 296, 239 A.2d at 789 (Roberts, J., dissenting).

## II. APPELLEE MEDICAL PROTECTIVE

Medical Protective's policy, unlike Firemen's, makes no reference to the payment of interest. Rather, it provides that Medical Protective will furnish a defense until "all remedies by appeal . . . shall have been exhausted *at the Company's cost and without limit as to the amount expended.*" (Emphasis added.) In connection with the policy limits, the policy states, "such amount [the policy limits] being in addition to the cost of the unlimited defense provided. . . ." In our opinion, these provisions are, at the least, ambiguous as to interest, and thus must be construed against Medical Protective. *See, e. g. Cadwallader v. New Amsterdam Casualty Co.,* 396 Pa. 582, 152 A.2d 484 (1959). The costs of a full defense may reasonably include interest, which is as much a cost of conducting a defense as court costs, attorneys' fees, filing fees and the like. *See* 12 P.S. § 781. The language in Medical Protective's policy can reasonably be construed to include interest, and for the

reasons stated above with regard to Firemen's obligation to pay interest on the entire verdict, we hold that Medical Protective is obligated to pay interest on the entire verdict.

Finally, both Firemen's and Medical Protective's claim that each tendered their policy limits during pre-trial negotiations and therefore cannot be held liable for interest. We find no merit in this argument. Plaintiff's counsel rejected the appellees' offers as not being adequate, and the matter proceeded to trial. Both Firemen's and Medical Protective were obligated, by the terms of the respective insurance policies, to defend any suit against the doctors they insured. Appellees would now have us hold that their attempt to escape any further responsibility for defending their insureds, by offering $10,000 on a claim which the eventual verdict proved was worth much more, constituted a "tender." This we refuse to do. Appellees were legally bound to defend their insureds, they lost at trial as well as in the appellate courts, and then tendered an amount in attempted satisfaction of their legal obligations which was less than the full amount each owed contractually. Under these circumstances, appellees cannot be heard to argue that their pre-trial offers to settle constituted a valid legal tender. *Englehart v. Cassatt*, 305 Pa. 117, 157 A.2d 256 (1931).

The order of the Court of Common Pleas of Philadelphia County is reversed and the case is remanded for further proceedings consistent with this opinion.

PACKEL, J., filed a concurring and dissenting opinion in which O'BRIEN, J., joins.

PACKEL, Justice, concurring and dissenting.

I concur on the ground that Firemen's promise to pay "all interest accruing after the entry of judgment" in its context is ambiguous. As such it is construable against the insurer and can readily mean all interest due and owing after the entry of judgment. A strict interpretation that the phrase means interest only *on* the judgment produces the undesirable conclusion that procrastination by the insurer after the

verdict and payment prior to judgment enables it to have the use of the money without any payment of interest.

The judgment included interest on the verdict and, to the extent of that interest and the interest due thereafter, it is all accruable in the sense of being owed after the entry of judgment. I see no need in this case to conclude that *Hafer v. Schauer,* 429 Pa. 289, 239 A.2d 785 (1968) was wrongly decided. As the majority opinion points out, it dealt with the situation where no judgment had ever been entered.

I dissent from the holding that Medical Protective is liable for any interest. It made no promise to pay any interest and, in the context of its stated obligation, I do not agree that by interpretation "interest" should be equated with "costs."

O'BRIEN, J., joins in this opinion.