**HOWMET ALUMINUM CORPORATION, a subsidiary of Pechiney-Ugine-Kuhlmann Corporation, Appellant**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY**

**HOWMET ALUMINUM CORPORATION, a subsidiary of Pechiney-Ugine-Kuhlmann Corporation**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.**

**Nos. 81–1780, 81–1781.**

United States Court of Appeals, Third Circuit.

Argued Nov. 17, 1981.

Decided Dec. 4, 1981.

Henry B. FitzPatrick, Jr. (argued), Liebert, Short, FitzPatrick & Lavin, Philadelphia, Pa., for Howmet Aluminum Corp.

M. Landon Spencer (argued), McWilliams & Sweeney, Philadelphia, Pa., for Hartford Acc. & Indem. Co.

Before GIBBONS and HIGGINBOTHAM, Circuit Judges, and McCUNE, District Judge.*

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Hartford Accident and Indemnity Company (Hartford) appeals from a judgment against it for the amount of its policy limit in a suit by Howmet Aluminum Corp., a subsidiary of Pechiney-Ugine-Kuhlmann Corporation (Howmet) to recover for theft losses. Hartford claims that trial errors in the admission of evidence warrant a new trial. Howmet also appeals, contending that the court erred in failing to include in the judgment interest from the date the suit was filed. We affirm in Hartford's appeal and reverse and remand in Howmet's appeal for the entry of a judgment including interest.

### Hartford's Appeal

■ Over objection the trial court admitted evidence that Hartford issued insurance policies to Howmet for the periods September 1, 1978 to September 1, 1979, and September 1, 1979 to September 1, 1980. None of the losses for which recovery is sought occurred during those periods. The evidence disclosed that higher premiums were paid in those periods than for the coverages in 1976 and 1977 when the losses occurred. In ruling on Hartford's motion for a new trial the court concluded that the evidence was not relevant, but that its admission was harmless. The only prejudice claimed by Hartford is that the jury learned that premiums for policy periods later than the loss periods increased. The court ruled that "... it would be difficult to find a juror who is not aware that insurance premiums have a tendency to increase from year to year." We agree with the trial court that if there was error it was harmless. *See* Fed.R.Civ.P. 61.

■ Hartford also contends that the court erred in admitting in evidence, over an objection that it was hearsay, an investigation report of Corporal Harrish of the Pennsylvania State Police. Without deciding whether the report fell within one of the exceptions to the hearsay rule, the court ruled that since the content of the report was merely cumulative of other non-hearsay evidence its admission was not a ground for a new trial. Howmet argues persuasively that the report was properly admitted under Fed.Ev.Rule 803(6). Whether or not that argument is sound, however, we agree with the trial court that the evidence is merely cumulative, and thus falls within Rule 61.

### Howmet's Appeal

The jury verdict was for the face amount of the Hartford policy, $100,000. Howmet's evidence suggested a loss from theft during the period of coverage in excess of $124,000. Howmet moved after verdict for the entry of a judgment including interest on $100,000 from the date the suit was filed. Hartford resisted on two grounds: that under Pennsylvania law it could not be liable for any amount in excess of the policy limits; and that in any event the interest issue was not submitted to the jury. The trial court did not reach the second ground. Relying on *Incollingo v. Ewing,* 474 Pa. 527, 379 A.2d 79 (1977), it held that an insurer was not liable in Pennsylvania for interest in excess of the policy limit. The parties agree that Pennsylvania law controls.

■ The trial court's reliance on *Incollingo* is misplaced, for that case dealt with liability insurance rather than, as here, casualty insurance. *Incollingo,* and the case which it follows, *Hafer v. Schauer,* 429 Pa. 289, 239 A.2d 785 (1968), both deal with the obligation of a liability insurer to indemnify the insured for interest for which the insured becomes liable to third parties, when the total liability, including interest due by virtue of a Pennsylvania statute providing for interest after verdict, exceeds the policy

*Hon. Barron P. McCune, United States District Judge for the Western District of Pennsylvania, sitting by designation.

limits. These cases hold that the policy limits determine the amount of the liability insurer's indemnity undertaking. They have nothing to do with the separate question whether a casualty insurer is liable for interest for wrongfully withholding contractual payments for a loss. The limits contained in such a policy establish how much of the loss is covered, but they do not authorize withholding of monies due under the contract. The common law rule is that one who owes a sum of money at a date certain is obliged to pay interest for withholding payment. *Penneys v. Pennsylvania Railroad Company*, 408 Pa. 276, 183 A.2d 544 (1962). That rule is applicable to insurance contracts. *J. Purdy Cape Hotels Co. v. Fidelity-Phoenix Fire Insurance Co.*, 126 Pa. Super. 260, 191 A. 636 (1937). Even a bona fide dispute as to the amount due on the contract is no bar to the accruing of interest. *West Republic Mining Co. v. Jones & Laughlin*, 108 Pa. 55 (1884); *Samuels v. California Ins. Co.*, 192 Pa.Super. 484, 162 A.2d 48 (1960); *J. Purdy Cape Hotels Co. v. Fidelity-Phoenix Fire Insurance Co., supra.*

Hartford contends that the *Incollingo* and *Hafer* cases changed the law with respect to the liability of insurance companies generally. Certainly their holdings deal only with the extent of the indemnity undertaking, and not with the common law obligation to pay interest for the wrongful withholding of sums due by virtue of that undertaking. Hartford has pointed to no Pennsylvania case suggesting that *Incollingo* and *Hafer* changed the Pennsylvania law in this respect. While the Supreme Court of Pennsylvania has not addressed the issue since *Incollingo*, we are confident that it would follow the lead of those cases which have drawn the distinction between interest as a part of the indemnity undertaking and interest for wrongfully withholding payment when due under a contract. *Maryland Casualty Co. v. Clements*, 15 Ariz.App. 216, 487 P.2d 437 (Ct.App. 1971); *Social Security Admin. v. Employers Mutual Liability Ins. Co. of Wisconsin*, 234 Md. 493, 199 A.2d 918 (1964). *See, e. g., Duffer v. American Home Assurance Co.*, 512 F.2d 793 (5th Cir. 1975); *Fruge v. American Mutual Ins. Co.*, 227 So.2d 646 (La.App.1969) (awarding interest for wrongful delay in payment without discussion).

Hartford contends that we should nevertheless affirm the denial of interest, because Howmet failed to request that the question of interest be submitted to the jury. Howmet points out, however, that under Pennsylvania law the question of interest on sums due by virtue of a contract is one for the court, *Penneys v. Pennsylvania Railroad Company*, 408 Pa. 276, 183 A.2d 544 (1962), and that this rule has been followed in the federal district courts. *Eastern Associated Coal Corp. v. Aetna Casualty & Surety Co.*, 475 F.Supp. 586 (W.D.Pa. 1979). We need not determine whether the *Penneys* rule should invariably be followed in cases where there may be a material fact issue over when payment was due under the contract. *Cf. Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 571–72 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977) (Federal courts not bound by New Jersey's rule that defense to statute of limitations is decided by judge rather than jury). In this case Howmet sought to include interest in the judgment only from the date suit was filed, and the verdict establishes that payment was due at least by that date. Thus there was no fact issue not already decided by the jury, and no reason why the court should not have entered a judgment providing for interest from the date suit was commenced.

### Conclusion

In appeal No. 81–1780 by Howmet the judgment will be reversed and the cause remanded for the entry of a judgment including interest. In appeal No. 81–1781 by Hartford the judgment will be affirmed.