## Elder v. Orluk

*Richard Tucker, III, Jeffrey J. Leech,* for plaintiff.
*Eric North Anderson, Louis C. Long,* for garnishee Donegal.

SCHWARTZ, *J.,* June 4, 1984—On May 30, 1977, defendant, Adam Orluk was involved in an automobile accident with plaintiff George R. H. Elder. The accident occurred on Memorial Day in the Borough of Harrisville, which is additional defendant. Orluk had automobile liability insurance with Donegal Mutual Insurance Company, the garnishee, which provided $15,000 coverage per person for bodily injury, and $25,000 for property damage and payment of legal expenses, costs and interest.

As a result of the accident, two law suits were filed by Elder, one for bodily injury and one for property damage. The two cases were consolidated for trial. A jury trial was held in May of 1981. The jury returned a verdict in Elder's favor in the amount of $250,000. Negligence was apportioned as follows: Elder, 25 percent; Orluk, 60 percent; and the Borough of Harrisville, 15 percent. Orluk was liable for $112,500 and the Borough of Harrisville for $75,000.

On June 8, 1981, the trial judge entered an amended molded verdict to reflect the delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure. These delay damages were in the amount of $29,948.63. On September 8, 1982, judgment was entered against defendants for $234,356 which reflected the original verdict of $187,500 plus the delay damages, plus $16,907.37 in interest on the verdict from May 22, 1981 through September 7, 1982. In addition, plaintiff filed his bill of costs which produced a total record cost of $769.17.

On September 8, 1982, garnishee Donegal Mutual Insurance Company offered in writing to pay $15,000 to plaintiff in exchange for a joint tort-feasor release of both Orluk and Donegal. Plaintiff did not accept this offer. On April 22, 1983, plaintiff filed a motion for summary judgment. This motion was originally denied on October 18, 1983 because there were genuine issues of material fact to resolve. In order to have the issues resolved, plaintiff Elder and garnishee Donegal filed a stipulation as to all relevant facts together with a motion to reconsider. The motion was granted and the summary judgment was reargued before this court.

The material issue before the court is what should the garnishee be liable for, considering that there

was a $15,000 policy limit for personal damage. Donegal paid the plaintiff $15,459.59 on March 26, 1984, which represents the $15,000 coverage for bodily injury provided in Orluk's insurance policy; $384.59 toward Elder's claim for record costs and $75 for representing the unsubrogated portion of Elder's property damage claim. Should Donegal be liable for amounts in excess of their policy limits, liability for interest accrued on the verdict, delay damages pursuant to Rule 238 of the Pennsylvania Rules of Civil Procedure, record costs in connection with plaintiff's prosecution against Orluk and the Borough of Harrisville and the within garnishment proceedings, and reasonable attorney's fees for the within garnishment proceedings?

Rule 238 of the Pennsylvania Rules of Civil Procedure provides that in actions for monetary relief for bodily injury, death or property damage, the court shall add compensatory damages:

"(e) if a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court or the arbitrators shall not award damages for delay for the period after the date the offer was made."

In the case at hand, the portion of the award attributable to Orluk's negligence exceeded 125 percent of the $15,000 offer by the garnishee. 42 Pa.C.S. §7102(b) provides:

"(b) Recovery against joint defendants; Contribution — Where recovery is allowed against more than one defendant, each defendant shall be liable for that portion of the total dollar amount awarded

as damages in a ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against him recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against him the plaintiff has not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution."

Therefore, plaintiff is entitled to recover the full amount of delay damages from defendant Orluk.

What is at issue is whether or not Elder may recover these delay damages from Donegal even though Donegal made an offer of $15,000 in return for a joint tortfeasor release of both Orluk and Donegal.

"By tolling the running of interest, this provision demonstrates the prominent goal of fostering early settlements. Undeniably, this rule serves to compensate plaintiff for the inability to utilize funds rightfully due him, but the basic aim of the rule is to alleviate delay in the disposition of cases, thereby lessening congestion in the courts." Laundenberger v. Port Authority of Allegheny County, 496 Pa. 52 at 58, 59, 436 A.2d 147 at 151 (1981). Appeal dismissed, 456 U.S. 940, 102 Supreme Court 2002 (1982); Colodonato v. Consolidated Rail Corporation, 504 Pa. 71, 470 A.2d 475 (1983).

One must keep this purpose in mind when determining who should be held liable for the delay damages. Rule 238 is designed to encourage early settlement of cases. Therefore, we must look towards those responsible for negotiating a settlement when determining liability for the delay damages.

The case of Hill v. Letender, 131 P.L.J. 154 (C.P. Allegheny County 1982), directs itself to the question of whether or not an insurance company should

be liable for delay damages even when they offer their policy limits to plaintiffs.

"The insurance carrier for Frederika E. Stewart contends, by its settlement offer, that it should not be required to pay delay damages. Of course, that offer was surely predicated on plaintiff's releasing Frederika E. Stewart, undoubtedly by a joint tortfeasor release. The plaintiff cannot be barred from recovering delay damages by refusing that offer which certainly would have changed the conduct of the trial by the defendants." See Hill v. Letender, supra, at page 156.

In the Hill case, as in the case at bar, the insurance company predicated its offer on receiving a joint tortfeasor release. Granting such a release could affect the conduct of the trial, the insurance company could have paid the full $15,000 policy limit to plaintiff without a joint tortfeasor release, or the amount could have been paid on account into the court. Therefore, Donegal's offer in the present case cannot be viewed as being unqualified. As a result, the garnishee will be held liable for the payment of delay damages.

Through the insurance policy, Donegal contracted to defend lawsuits against Orluk which allege bodily injury or property damage and:

"To pay, in addition to the applicable limits of liability:

a) all expenses incurred by the company, all tax against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon; . . ."

Harrisville. The insurance contract between Donegal and Orluk indicates that the insurer is responsible for "all costs taxed against the insured in any such suit." Therefore, it is clear that Donegal is responsible to pay costs, but are they responsible to pay all record costs? Under the Pennsylvania Comparative Negligence Act, 42 Pa.C.S. §7102(b), plaintiff may recover the full amount of any allowed recovery from any defendant. Therefore, Donegal is liable to Elder for the remaining unpaid costs which total $384.58. Under the same theory, since Elder is entitled to recover record costs against the insurance company as garnishee for Elder, they must also be responsible for all record costs for Elder's prosecution of the garnishment proceedings.

We do not find that plaintiff is entitled to summary judgment in regard to the attorney's fees for the prosecution of the garnishment proceedings. Summary judgment cannot be entered if there is a disputed issue of fact. Miami National Bank v. Williams, 410 Pa. 505, 198 A.2d 438 (1963). Pa.R.C.P. 1035(b). Under 42 Pa.C.S. §2503(7) and (9), counsel fees can be awarded where conduct has been dilatory, arbitrary, obdurate or vexatious, or in bad faith. The court cannot, on the pleadings, determine in what manner defendant Donegal has conducted itself. Defendant Donegal should have the opportunity to litigate this matter. Therefore, since there is an issue of material fact in regard to Donegal's conduct during the pendency of this matter, the court cannot grant plaintiff summary judgment in regard to counsel fees.

Plaintiff's summary judgment as to delay damages, interest and record costs is granted. The summary judgment as to attorney's fees is hereby denied.

The Pennsylvania Supreme Court in the case of Incollingo v. Ewing, 474 Pa. 527, 379 A.2d 79 (1977), held:

"That when an insurance company contracts with an insured to 'pay . . . all interest accrued after entry of judgment,' Pennsylvania law requires that the defendant pay interest computed from the date of verdict to the entry of the judgment and interest on the amount of the judgment entered thereafter. To decide otherwise would ignore the language and legislative intent embodied in section 781." Incollingo v. Ewing, supra, at 379 A.2d 79 at 84, 85. 12 P.S.C.S. §81.

The insurance company does not have liability to pay more than their policy coverage, but we must examine exactly what the insurance company's policy coverage is in order to determine if they are responsible for paying interest. Policy coverage and "policy limit" includes more than just the amount of liability coverage that the insurance company is responsible for. The policy limit includes all aspects of coverage that the insured has contracted for. In the case at hand, Donegal has contracted to insure Orluk for, $15,000 for bodily injury, defense against lawsuits, expenses, costs and all interest on the entire amount of any judgment. Thus, liability is in excess of the $15,000 bodily injury limitation, the court must consider all aspects of the insurance contract in determining the policy limit. See Incollingo v. Ewing, 379 A.2d 79 at 85. See also Cohen v. Jenkintown Cab Co., 300 Pa. Super. 528, 446 A.2d 1284 (1982). Since Donegal contracted to pay interest, they are liable for the interest in the case at bar.

A plaintiff can look toward any tortfeasor for the entire amount of interest due.

". . . A party with a judgment can look to any one of tortfeasors for full payment of interest." Incollingo v. Ewing, supra, at 379 A.2d 79 at 85. 12 P.S. §§2082 to 2089.14 [Purdon 1967 and Supplement 1977-78]. Hafer v. Schauer, 429 Pa. at 295, 239 A.2d at 788. Therefore, since Donegal has contracted to pay interest and since their insured has been found liable for interest as a joint tortfeasor, the plaintiff can look to Donegal for the entire amount of interest. Donegal's policy clearly indicates that they have agreed to pay interest "on the entire amount of any judgment."

The fact that Donegal had offered to pay plaintiff $15,000 in return for a joint tortfeasor's release does not release the insurance company from liability for interest. This offer is not the same as a tender. The offer was conditional on plaintiff giving defendants a joint tortfeasor release. If the insurance company had intended to tender the $15,000 amount, they could have deposited the money in court. Cohen v. Jenkintown Cab Co., 446 A.2d 1284 at 1289 (1983). Donegal has never tendered their policy limit; if they had done so, this would have stopped further accrual of interest. Since Donegal has not made such a tender, they must be held liable for interest. The amount of this liability should be $16,907.37 which represents interest from the verdict to the date of the judgment, plus $21,804.58, which represents interest from the date of the judgment through March 25, 1984, plus $36 per day from March 26, 1984 until Donegal pays the total amount due under the policy.

Donegal is also liable to pay Elder for all record costs in connection with the prosecution of the case of the claim against Elder and the Borough of

## ORDER OF COURT

And now, this June 4, 1984, this court, upon motion for summary judgment by plaintiff George R. H. Elder, by his attorneys Jeffrey J. Leech, Esq. and Richard Tucker, III, Esq., hereby grants summary judgment as to delay damages, interest and record costs.

Summary judgment as to attorneys' fees is hereby denied.