**GREEN VALLEY DRY CLEANERS, INC., David Rosenblatt and Gail B. Rosenblatt, Appellants**

v.

**WESTMORELAND COUNTY INDUSTRIAL DEVELOPMENT CORPORATION.**

Green Valley Dry Cleaners, Inc., David Rosenblatt and Gail B. Rosenblatt

v.

Westmoreland County Industrial Development Corporation, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 4, 2004.

Decided Nov. 16, 2004.

**1014** ■

Richard T. Victoria, Pittsburgh, for appellants.

Louis C. Long, Pittsburgh, for appellee.

BEFORE: COLINS, President Judge, and LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Judge LEAVITT.

The present appeals, which have been consolidated for review, concern two orders entered by the Court of Common Pleas of Westmoreland County (trial court) following the decision of this Court in *Green Valley Dry Cleaners, Inc. v. Westmoreland County Industrial Development Corp.,* 832 A.2d 1143 (Pa.Cmwlth.2003) (*Green Valley I*).[1] At Docket No. 164 C.D. 2004, Green Valley Dry Cleaners, Inc., David Rosenblatt and Gail B. Rosenblatt (collectively Green Valley) appeal from the trial court's order dated December 23, 2003, that partially granted and partially denied Green Valley's motion to amend a reinstated jury verdict to include post-judgment interest. Westmoreland County Industrial Development Corporation (WCIDC) appeals at Docket No. 212 C.D. 2004 from the trial court's order dated November 7, 2003, awarding costs to Green Valley. Green Valley's appeal presents an issue of first impression: when a judgment *non obstante verdicto* (NOV) is reversed on appeal, is the original prevailing party entitled to postjudgment interest for the period of time that the judgment NOV was in effect?

The underlying facts are fully set forth in our *Green Valley I* opinion and need not be repeated here. To summarize, the dispute between the parties arose after WCIDC sold a parcel of land to Green

---

1. Both parties filed petitions for allowance of appeal to the Pennsylvania Supreme Court that were denied. *Green Valley Dry Cleaners,* *Inc. v. Westmoreland County Industrial Development Corp.,* 578 Pa. 696, 851 A.2d 143 (2004).

Valley without disclosing the fact that deep coal mining had occurred on the property. Green Valley commenced an action in the trial court averring negligence, fraud and breach of contract. WCIDC filed a motion for summary judgment contending that it was a local agency entitled to governmental immunity. In an order dated December 20, 2001, the trial court granted WCIDC's motion in part and dismissed Green Valley's fraud and negligence claims. The parties proceeded to trial on the remaining breach of contract claim.

On February 15, 2002, a jury found that WCIDC had breached a contractual duty to disclose subsurface conditions known to WCIDC, but not to Green Valley, and awarded $603,500 in damages to Green Valley. WCIDC filed a motion for posttrial relief and on September 12, 2002, the trial court entered a judgment NOV in favor of WCIDC. Green Valley appealed to the Superior Court from the trial court's order of December 20, 2001, and September 12, 2002. WCIDC objected on jurisdictional grounds and moved to transfer the appeal to this Court; the Superior Court granted the motion. On September 4, 2003, this Court affirmed the trial court's order that Green Valley's negligence and fraud claims against WCIDC were barred by sovereign immunity. However, we reversed the trial court's entry of judgment NOV in favor of WCIDC and reinstated the original jury verdict on Green Valley's breach of contract claim.

Shortly after our decision, Green Valley filed a bill of costs with the trial court. WCIDC responded with a motion to strike

and objections. Following an untranscribed argument, the trial court entered an order on November 7, 2003, granting in part and denying in part WCIDC's motion.[2] Reproduced Record at 45a (R.R. ——). Specifically, the trial court awarded Green Valley a total of $2,050.16 for the costs of its appellate paperbooks and filing fees. *See* Plaintiff's Bill of Costs, Items N–T; R.R. 47a.[3]

Green Valley also filed a motion seeking, *inter alia,* to have the reinstated verdict amended to include postjudgment interest from the date of the original verdict.[4] By order dated December 23, 2003, the trial court ruled as follows:

> The motion to amend the verdict to include post-judgment interest is granted in part and denied in part. Post-judgment interest begins to accrue from the date of the verdict, February 15, 2002. However, [Green Valley] is precluded from recovering post-judgment interest for the time period during which a valid judgment notwithstanding the verdict was entered in favor of [WCIDC]. From September 12, 2002, to September 3, 2003, [Green Valley] was not a prevailing party entitled to post-judgment interest. Therefore, the jury verdict of February 15, 2002, will be molded to reflect post-judgment interest from the date of the verdict forward with the exclusion of the period the valid judgment notwithstanding the verdict was in effect.

Trial Court Order, 12/23/03, at 1–2. With the above history in mind, we now proceed to the respective appeals before this Court.

2. The trial court did not file an opinion on the issue of taxation of costs.

3. The trial court granted WCIDC's motion to strike Green Valley's costs pertaining to discovery and trial. *See* Plaintiff's Bill of Costs, Items A–M; R.R. 46a. Green Valley has not appealed this aspect of the trial court's order

and the taxation of those costs is not before us.

4. Green Valley also sought prejudgment interest, which the trial court denied. Green Valley has not appealed that ruling.

### 164 C.D. 2004

In its appeal, Green Valley challenges the trial court's exclusion of postjudgment interest for the period of time that the judgment NOV was entered in favor of WCIDC.[5] Green Valley asserts that the trial court erred by injecting a "prevailing party" requirement into its determination of the relevant time period for calculating postjudgment interest. Even assuming that was a proper consideration, Green Valley contends that it was in fact the prevailing party at all stages of the proceedings below since the judgment NOV was never valid.

■ Section 8101 of the Judicial Code provides:

> Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

42 Pa.C.S. § 8101. "[F]or purposes of computing interest, judgment and verdict are synonymous, and the date from which interest accrues is the date of the verdict, not the date judgment is finally entered." *Incollingo v. Ewing*, 474 Pa. 527, 537, 379 A.2d 79, 84 (1977).[6] *See also Kessler v. Old Guard Mutual Insurance Co.*, 391 Pa.Super. 175, 570 A.2d 569, 571 (1990) (noting that "[t]he general rule is that a plaintiff is entitled to interest on a judgment from the date of the verdict.").

■ Applying the general rule to this case, that postjudgment interest follows the verdict, we must reject Green Valley's position. It is axiomatic that "[t]here are two bases upon which a judgment [NOV] can be entered: one, the movant is entitled to judgment as a matter of law . . . and/or two, the evidence was such that no two reasonable minds could disagree that the outcome should have been rendered in favor of the movant. . . .". *Moure v. Raeuchle*, 529 Pa. 394, 402, 604 A.2d 1003, 1007 (1992) (citations omitted). In either case, judgment NOV "is the directing of a verdict in favor of the losing party, despite a verdict to the contrary." *DeFazio v. Labe*, 352 Pa.Super. 120, 507 A.2d 410, 414 (1986), *affirmed in part, reversed in part on other grounds*, 518 Pa. 390, 543 A.2d 540 (1988).

Here, Green Valley was the verdict winner from February 15, 2002, the date of the original jury decision, to September 12, 2002, when the trial court entered judgment NOV in favor of WCIDC. Green Valley has also been the verdict winner from September 4, 2003, when this Court reversed the judgment NOV order, until the present time. Since postjudgment interest follows the verdict, Green Valley was and is entitled to interest for those periods of time.

The trial court's entry of judgment NOV effectively nullified the original jury decision and directed a verdict in favor of WCIDC. While the JNOV was in effect there was simply no verdict in Green Valley's favor on which to compute interest.

---

**5.** The question presented in Green Valley's appeal involves a legal determination by the trial court. Accordingly, our appellate review is whether the trial court committed an error of law in its calculation and award of postjudgment interest. Our standard of review of a question of law is *de novo* and our scope of review is plenary. *Buffalo Township v. Jones*, 571 Pa. 637, 644 n. 4, 813 A.2d 659, 664 n. 4 (2002).

**6.** In *Incollingo*, our Supreme Court construed the language contained in the Act of April 6, 1859, P.L. 381, 12 P.S. § 781 (repealed). Section 8101 of the Judicial Code, 42 Pa.C.S. § 8101, is substantially a reenactment of that act.

Indeed, during that time WCIDC had no reason to believe it owed Green Valley anything, and a party so situated must be allowed to rely on a valid judgment entered by a court of competent jurisdiction. Adopting Green Valley's position would be tantamount to holding WCIDC accountable for the trial court's legal error. This we will not do.

In sum, we find that Green Valley was not entitled to postjudgment interest for the period of time from September 12, 2002, to September 3, 2003. The trial court's order dated December 23, 2003, which reaches the same conclusion, is affirmed.

### 212 C.D. 2004

WCIDC's appeal concerns the trial court's award of costs. On November 7, 2003, the trial court awarded Green Valley $2,050.16 for the following costs:

| | | |
|---|---|---|
| N. | One copy of reproduced record with Bates stamping and tabs | $ 436.63 |
| O. | Seven copies of reproduced record plus tabs, binding and covers | $1,284.46 |
| P. | Fifteen copies of Appellant's Brief plus binding and covers | $ 118.96 |
| Q. | Fifteen copies of Appellant's Reply Brief | $ 52.61 |
| R. | Filing fee for Appeal [to Superior Court; R.R. 87a] | $ 55.00 |
| S. | Filing fee for Appeal [to Westmoreland County Prothonotary; R.R. 89a] | $ 52.50 |
| T. | Fee for Transfer of Case to Commonwealth Court [R.R. 90a] | $ 50.00 |

Plaintiffs' Bill of Costs, Items N–T; R.R. 47a.[7]

Section 1726 of the Judicial Code, 42 Pa.C.S. § 1726, provides for the establishment of taxable costs. Pursuant to the authority granted by Section 1726, our Supreme Court has declared that the costs of paperbooks and filing fees are taxable. Pa. R.A.P. 2742, 2743(a). Green Valley's entitlement to those costs is governed by Pa. R.A.P. 2741, which provides in pertinent part as follows:

Except as otherwise provided by law:

. . .

(2) If an order is affirmed, costs shall be taxed against the appellant unless otherwise ordered.

. . .

(4) If an order is reversed, without a direction for a new trial, costs shall be taxed against the appellee unless otherwise ordered, or unless the lower court shall determine that the matter is not finally closed between the parties, and the appellee shall bring a new action against the appellant within 30 days after such determination, in which event the liability for costs shall follow the final judgment in such second or other matter relating to the same cause of action.

(5) If an order is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court.

The parties offer different views as to which subsection of Pa. R.A.P. 2741 is applicable here. WCIDC views this Court's September 4, 2003, decision as a partial affirmance and partial reversal of the trial court's decision. Since we made no allowance for costs, WCIDC argues that, pursuant to subsection (5), Green Valley is not entitled to costs. Green Valley counters that this was not a situation where *"an* order" was "affirmed or reversed in part." Rather, this Court re-

---

**7.** WCIDC's appeal, like Green Valley's appeal, involves a purely legal issue: whether the trial court erred in denying WCIDC's motion to strike the costs of Green Valley's appellate paperbooks and filing fees. Our standard review is *de novo* and our scope of review is plenary. *Buffalo Township, supra.*

versed the trial court's judgment NOV order in its entirety, resulting in an overall victory for Green Valley. Accordingly, Green Valley contends that subsection (4) is controlling and that its costs were automatically taxable to WCIDC.

We agree with Green Valley that WCIDC has mischaracterized this Court's previous decision in its argument. As stated, we disposed of two separate orders that were issued by the trial court nearly nine months apart. Subsection (5), which is triggered by the partial affirmance and reversal of "*an* order," is clearly not applicable.

Green Valley's analysis also misses the mark. This Court's September 4, 2003, order reversed the trial court's judgment NOV order in its entirety, but it also affirmed the court's order granting summary judgment to WCIDC on the negligence and fraud counts in Green Valley's complaint. Although both dispositions resulted from a single appeal, that appeal was really two separate actions for purposes of apportioning costs. Viewing the previous appeal in this manner, we find that Pa. R.A.P. 2741(2) and (4) are both applicable. The trial court's taxation of costs against WCIDC was proper under Pa. R.A.P. 2741(4) since this Court reversed the judgment NOV order; however, Pa. R.A.P. 2741(2) required taxation of costs against the unsuccessful appellant in the summary judgment matter—Green Valley.

■ We recognize that apportionment of the costs at issue is somewhat problematic since they were generated in a single appeal with one set of paperbooks and filing fees. In our view, the trial court should have followed WCIDC's suggestion "that all costs deemed to be recoverable by [Green Valley] be reduced by fifty (50%) percent." Motion to Strike Plaintiffs' Bill of Costs at 4, ¶ 21; R.R. 96a. Division of the costs in this manner would achieve an equitable result and, at the same time, comport with the mandate of Pa. R.A.P. 2741(2) and (4). Accordingly, we shall vacate the trial court's November 7, 2003, order insofar as it taxed the items identified as Items N–T on Plaintiffs' Bill of Costs to WCIDC. The matter is remanded for reapportionment of those specific costs in a manner consistent with this opinion and in accordance with Pa. R.A.P. 2741(2) and (4).

■ One issue remains concerning the $50.00 "Fee for Transfer of Case to Commonwealth Court." Plaintiffs' Bill of Costs, Item T; R.R. 47a. The trial court taxed this fee to WCIDC, which WCIDC argues is prohibited by Rule 2743(b). We agree. The rule states: "The filing fees in the transferor court in a matter transferred under Rule 751 (transfer of erroneously filed cases) and the additional filing fee in a matter transferred under Rule 905(a) (filing of notice of appeal) shall not be taxable." Pa. R.A.P. 2743(b). On remand, the trial court must ensure that Green Valley bears whatever costs it incurred by filing its appeal in the wrong court.

## CONCLUSION

On Green Valley's appeal at 164 C.D. 2004, we find no error by the trial court in amending the verdict to exclude postjudgment interest for the period of time that judgment NOV was entered in favor of WCIDC. Accordingly, we affirm the trial court's order dated December 23, 2003. On WCIDC's appeal at 212 C.D. 2004, we find that the trial court erred in denying WCIDC's motion to strike the costs of Green Valley's appellate paperbooks and filing fees. The trial court's order dated November 7, 2003, is vacated in part and the matter is remanded for

1019

reapportionment of costs consistent with this opinion.

Judge McGINLEY did not participate in the decision in this case.

**ORDER**

AND NOW, this 16th day of November, 2004, at Docket No. 164 C.D. 2004, the order of the Court of Common Pleas of Westmoreland County dated December 23, 2003 in the above-captioned matter is affirmed. At Docket No. 212 C.D. 2004, the order dated November 7, 2003, is vacated in part and the matter is remanded for the limited purpose of reapportioning the costs of appellees' appellate paperbooks and filing fees consistent with the foregoing opinion. Jurisdiction is relinquished.